UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-82092-CV-MIDDLEBROOKS

HATZOLOH, INCORPORATED,

    Plaintiff,

v.

HATZALAH OF PALM BEACH, INC, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court following the May 5, 2022 hearing held on Plaintiff's *Expedited* Motion for Order to Show Cause why Defendants Should not be Held in Civil and Criminal Contempt for Willful Violations of this Court's Preliminary Injunction Order. (DE 52). Counsel for both Parties appeared in person in West Palm Beach.

Plaintiff initiated this trademark infringement action on November 17, 2021, seeking permanent injunctive relief against Defendants. (DE 1). On February 8, 2022, I granted Plaintiff's Motion for a Preliminary Injunction (the "Injunction Order"), concluding that Plaintiff had demonstrated a substantial likelihood of success on its infringement claims and that the other injunction factors weighed in favor of granting the requested relief. (DE 29). The injunction enjoined Defendants from "[u]sing or contributing to the unauthorized use" of any of Plaintiff's HATZOLAH marks and from "[c]omitting any other act which falsely represents, or which has the effect of falsely representing, that the services or products offered by Defendants are licensed by, authorized by, offered by, sponsored by, or in any other way affiliated with Plaintiff," among other things. (DE 29 at 14–15).

In its Motion for Order to Show Cause, Plaintiff alleged that Defendants have failed to comply with the Injunction Order. (DE 52). According to Plaintiff, Defendants' Facebook and Instagram pages continue to display the infringing HATZALAH mark, Defendants continue to maintain a Google business listing with the infringing HATZALAH mark, Defendants have not changed their corporate names, and Defendants have suggested that they are affiliated with Plaintiff through their telephone numbers and advertising related to those numbers. (*Id.*). Plaintiff further alleges that Defendants are capable of complying with the injunction but have nevertheless failed to do so. (*Id.* at 17). Defendants have responded that the images on their Facebook and Instagram pages do not violate the injunction because they are "ancient history." (DE 56 at 3). They allege that the Google business listing does not violate the injunction because it lists the businesses as "temporarily closed," and that Defendants are not required to change their corporate names because they are not used in advertising. (*Id.* at 4). And with respect to the telephone numbers, Defendants argue that they used them before the injunction, so they cannot be a violation. (*Id.* at 5).

I found that Plaintiff had made a prima facie showing by clear and convincing evidence that Defendants had violated the terms of the Injunction Order, and I therefore scheduled a hearing for May 5, 2022. (DE 59). During the hearing, counsel for Plaintiff informed me that the infringing Facebook images have since been taken down, but that Defendants' phone numbers continue to suggest an affiliation with Plaintiff's organization, a Google listing for Defendants still appears using Plaintiff's Mark in its name, and Defendants' websites now redirect to the JVAC website but still use domain names with the infringing Marks and feature images with the infringing Marks.

Defendant Isaac Hersh testified that he understood that he needed to comply with the Injunction Order, but, on the advice of his counsel, he believed it was sufficient to change the name

of "Hatzalah of Palm Beach, Inc." and "Hatzalah of South Florida, Inc." to "JVAC" on the Facebook page, to remove signage from vehicles, to advertise the name change in the local paper, and to instruct dispatchers to answer the phone as "JVAC." He stated that no new promotional activity was undertaken with the Hatzalah name, but that he did not realize he also needed to go back in time to remove earlier promotional activity using the name. He further testified that it was important to keep the organization's phone numbers the same because the organization had built trust with the community using those numbers, and that the numbers were not selected to elicit an association with Plaintiff's organization.

While Mr. Hersh testified that he did not intentionally violate the Injunction Order, I find that his efforts to comply were woefully deficient. My Order was plain on its face. It prohibited the use of the trademark Hatzalah, and Defendants continued to use it. Defendants have thus violated the Injunction. As such, I will issue both some remedial steps and clarification in case there was any doubt about what the Injunction Order means. Accordingly, it is **ORDERED AND ADJUDGED** that Defendants are found to have violated the terms of the Injunction Order issued on February 8, 2022. In light of these violations, I order the following relief:

(1) With respect to Defendants' phone number, the phone number ending in "HATZ" is an obvious reference to Plaintiff's Mark, so Defendants **SHALL TRANSFER** that number, 561-800-4289, to Plaintiff. Defendants **SHALL ALSO TRANSFER** the 561-770-1750 phone number to Plaintiff. It is apparent from the testimony at the hearing that at least one of the reasons the "1750" phone number was selected, in addition to family reasons, was because it was one of the numbers used by Plaintiff in New York. Thus, it suggested an affiliation with Plaintiff in violation of the Injunction Order.

(2) Defendants **SHALL COMPLETELY TAKE DOWN** the Google and Facebook sites using the infringing Mark, as well as the Hatzalah names on the SunBiz site. It is not sufficient for these sites to state that Defendants are "temporarily closed."

(3) When Defendants answer the phone, they **SHALL STATE THE "JVAC" NAME** and, if the caller requests "Hatzalah," they must affirmatively disclose that they are not affiliated with Plaintiff's organization and refer the call to Plaintiff.

(4) In addition, the terms of the previous injunction, reproduced below, remain in full effect:

(5) Defendants, HATZALAH OF PALM BEACH, INC., HATAZALAH OF SOUTH FLORIDA, INC., and ISAAC HERSH, their employees, agents, officers, directors, licensees, attorneys, successors, affiliates, subsidiaries, and assigns and all those in active concert and participation with any of them, are **ENJOINED** from:

    (a) Using or contributing to the unauthorized use of the following marks:

| Mark | U.S. Registration Number |
|---|---|
| HATZOLAH | 87851478 |
| HATZALAH | 5712449 |
| CHEVRA HATZALAH | 2131729 |
| HATZOLOH | 2111646 |

and/or any mark confusingly similar thereto, including the infringing HATZALAH Marks, in connection with the advertising, promotion, and offering of any product or service related to the services offered by Plaintiff under the HATZALAH Marks;

(b) Committing any other act which falsely represents, or which has the effect of falsely representing, that the services or products offered by Defendants are licensed by, authorized by, offered by, sponsored by, or in any other way affiliated with Plaintiff;

(c) Otherwise infringing upon and/or counterfeiting, or contributing to the infringement and/or counterfeiting, of the HATZALAH Marks;

(d) Otherwise unfairly competing with Plaintiff; and

(e) Aiding, assisting, or abetting any other party in the acts prohibited by subparagraphs (a) through (d) above.

**SIGNED** in Chambers at West Palm Beach, Florida, this 11th day of May, 2022.

Donald M. Middlebrooks
United States District Judge

Copies to:     Counsel of Record

5